UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>KOOTENAI COUNTY; KOOTENAICOUNTY SHERIFF'S OFFICE ANDCORRECTIONAL HEALTHCARECOMPANIES, Inc., a Colorado corporation; CORRECTIONAL HEALTHCARE MANAGEMENT, a Delaware corporation; CORRECT CARE SOLUTIONS, LLC, a Tennessee Limited Liability Company, XYZ CORPORATION, XYZ LIMITED LIABILITY COMPANY AND/OR XYZ PARTNERSHIP, BEN WOLFINGER, Sheriff of Kootenai County, Idaho; ALANNA VESSER; and DOES 1-20, each in their personal and representative capacities,<br><br>    Defendants. | Case No. 2:17-cv-00418-BLW<br><br>ORDER ASSIGNING CASE TO A UNITED STATES MAGISTRATE JUDGE |

## INTRODUCTION

All named parties to this action have consented to a United States Magistrate. Plaintiff, however, has also sued three fictitious entities: XYZ Corporation, XZY Limited Liability Company, and XYZ Partnership. These entities have not consented; they have not even been identified. As explained below, the Court concludes that for purposes of

28 U.S.C. § 636(c), all consents are in and the case should therefore be assigned to a United States Magistrate Judge.

## ANALYSIS

The Ninth Circuit recently held that the absence of consents from named, but unserved, defendants deprives a magistrate judge of jurisdiction to dismiss a complaint. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). The court reasoned that the language of the consent statute, 28 U.S.C. § 636(c),[1] "conveys that any party's objection is sufficient to prevent jurisdiction from vesting in the magistrate judge." *Id.* Thus, the court held that "jurisdiction cannot vest until the court has received consent from all the parties to an action." *Id.*

*Williams* logically does not apply to fictitious defendants. Fictitious parties are not named parties, after all. Rather, the plaintiff is alleging that he does not yet know who these entities might be. Presumably, if plaintiff identifies any additional parties during discovery, he will attempt to add them. And if he does so, the District's Local Rules handle that situation: Local Rule 73.1(a) requires the Clerk to send consent forms to newly appearing defendants. *See* Dist. Idaho Local R. 73.1(a). Thus, newly appearing defendants will be informed and given the opportunity to consent. If newly appearing defendants do not consent, 28 U.S.C. § 636(c)(4) comes into play. It provides that a

---

[1] Section 636(c)(1) provides, in relevant part: "Upon the consent of the parties, a . . . United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court . . . ."

district court may vacate the reference to a magistrate judge for good cause shown. *See* 28 U.S.C. § 636(c)(4).

Thus, the District's local rules, in combination with 28 U.S.C. § 636(c)(4), anticipate and deal with what could otherwise be a troubling situation. As one court has explained,

> The need for unanimous consent sets a trap that may be sprung when parties join the case after the litigants have opted for decision by a magistrate judge. For then the newly arrived party may assume that the original choice is conclusive; or everyone may overlook the problem. But the original choice is not dispositive. Unless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught.

*Mark I, Inc. v. Gruber*, 38 F.3d 369 (7th Cir. 1994) (Easterbrook, J.).

The Court is satisfied that its local rules will prevent the trap from being sprung. It will therefore assign this matter to a magistrate for all purposes. If subsequently appearing parties do not consent, they may file a motion in district court to vacate the reference.

## ORDER

**IT IS THEREFORE ORDERED that** this matter is referred to a United States Magistrate Judge.

DATED: April 2, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge